D. W. BANKS et al., Appellants,

v.

J. A. ROBINSON et al., Appellees.

No. 6593.

Court of Civil Appeals of Texas.

Amarillo.

April 16, 1956.

.Hood & Hood, Borger, for appellants.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellees.

NORTHCUTT, Justice.

This was an action brought by appellants, D. W. Banks, the guardian and next friend of Donald G. Banks and Terry Glen Banks, minors, and joined herein by Peggy Jane Banks who was the wife of Donald G. Banks, a minor, against appellees J. A. Robinson & Sons Trucking Contractors, a co-partnership composed of J. A. Robinson, A. L. Robinson, F. E. Robinson, M. N. Robinson, P. R. Robinson and C. P. Robinson, seeking to recover personal damages received in an automobile accident.

For cause of action, appellants pleaded that on or about December 14, 1954, Donald G. Banks was driving an automobile in a southerly direction on State Farm to Market Road No. 280 and that he was operating the motor vehicle in the right hand lane of traffic; that riding in the car with him was his wife, Peggy Jane Banks, and their minor son, Terry Glen Banks; that one William O. Patton, an employee of the appellees, was operating a truck belonging to appellees and in the furtherance of appellees' business, and while so operating said truck, was negligent in turning said vehicle without seeing there was sufficient space for such movement to be made in safety in violation of Article 801(K), T.R. P.C.1925; in turning said vehicle to the

left into traffic in a southerly direction when such movement could not be made with safety in violation of Article 6701d, Section 68(a), T.R.C.S.1925 [Vernon's Ann. Civ.St.]; in attempting to make a left turn, made said turn prior to bringing the truck into the intersection in violation of Article 6701d, Section 65(b), T.R.C.S.1925; in attempting to make a left hand turn when the car driven by Donald G. Banks was so close as to constitute an immediate hazard in violation of Article 6701d, Section 72; in operating said truck in a reckless and careless manner; in failing to keep a proper look-out; in failing to maintain proper control of his truck; in attempting to make a left hand turn failed to sufficiently decrease the speed at which he was driving before attempting to make said left hand turn and in failing to signal his intention to turn to the left continuously for a distance of not less than 100 feet before turning in violation of Article 6701d, Section 68(b).

Appellees, in their answer, pleaded that Donald G. Banks, in the operation of his vehicle immediately before the collision, was negligent in driving his vehicle either without lights or with insufficient lights; in entering the intersection at a time when appellee's vehicle had already commenced and had partially completed its turn; in failing to maintain, for vehicles entering the intersection from the opposite direction, proper look-out; in failing to maintain proper control of his vehicle; and in driving his vehicle at too great a rate of speed. The appellees further pleaded unavoidable accident.

The case was submitted to the jury upon twenty-eight special issues.

In answer to the special issues, the jury found that Patton did not fail to maintain a proper look-out for the approach of Banks' car; that Patton, in attempting to make a left turn, did not do so when the automobile driven by Banks was so close as to constitute an immediate hazard; that Patton was not operating the truck in a reckless and careless manner; that Patton

did not fail to keep the truck under proper control; that Patton did not fail to signal his intention to turn said truck to the left; that immediately before the collision, Donald G. Banks was driving his vehicle without lights and that, in so driving, he was not acting as a person of ordinary prudence would have acted and that such driving was a proximate cause of the collision; that Banks entered the intersection at a time when appellees' truck had already commenced and had partially completed its turn and that, in so entering, Banks did act as a person of ordinary prudence would have acted under the same or similar circumstances but that such entry was a proximate cause of the collision; that Banks entered the intersection at a time when it should reasonably have been apparent to him that appellees' truck was about to make a turn to the left and that, in so entering, Banks did act as a person of ordinary prudence would have acted but that such entry was a proximate cause of the collision; since the jury answered these last two questions that Banks did act as an ordinary person of ordinary prudence would have acted but such acts were a proximate cause, it would seem the jury was confused as to the method of submission of these two issues; that immediately before the collision Banks failed to maintain, for vehicles entering the intersection from the opposite direction, that character of look-out which a person of ordinary prudence would have maintained under the same or similar circumstances and that such failure was a proximate cause of the collision; that immediately before the collision Banks was driving his vehicle at a rate of speed greater than the rate of speed at which a person of ordinary prudence would have driven under the same or similar circumstances and that the same was a proximate cause of the collision. The jury found that the collision was not the result of an unavoidable accident. The jury also found certain damages in favor of the appellants. Upon the verdict of the jury, the trial court rendered judgment in favor of appellees and that appellants, plaintiffs in the trial court, recover nothing

846 ■

and pay all costs. From this judgment, appellants have perfected this appeal.

■ Appellants present their appeal upon five points of error. The first three points complain of the court's refusal to give three special issues requested by the appellants. By appellants' fourth and fifth points of error, they complain of the court's action in submitting certain issues as it did but, since those issues were answered favorably to the appellants, even if they should not have been given they became harmless. There is no question raised in this case as to the insufficiency of the evidence upon any issue and we think there was sufficient evidence to sustain the findings of the jury. The trial court submitted issues determinative of all three issues requested by appellants.

■■ In the absence of some wrongful act on the part of the appellees, the appellants would have no grounds for recovery. Mr. Patton, the driver of the truck in question, was not found guilty of any act of negligence but Mr. Banks, the driver of the car in question, was found guilty of several acts of negligence which were a proximate cause of the collision and resulting injuries. The jury found that Mr. Patton was keeping a proper look-out for the Banks car and that, when he was attempting to make his turn, that the Banks car was not so close as to render the turning hazardous; that he was not operating the truck in a reckless or careless manner; that he did keep the truck under proper control and gave signals of his intention to turn. On the other hand, under the findings of the jury, Mr. Banks was driving his car without lights which was negligence and a proximate cause of the collision; Banks entered the intersection at a time when Patton had already commenced and had partially completed his turn; that, immediately before the collision, Banks failed to keep a proper look-out for vehicles entering the intersection from the opposite direction all of which was negligence and a proximate cause of the collision; Banks was driving his car at too great a rate of speed and the same was negligence and a

proximate cause of the collision. Under this record, if the court should have committed error in the matters complained of by appellants which we do not think it did, such error would become harmless since appellees' agent was not found guilty of any act of negligence causing the collision but, on the contrary, it was found that he was not guilty of any act of negligence. Mr. Banks was found guilty of several acts of negligence and could not recover for his own wrong.

Judgment of the trial court affirmed.